IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

2:52 pm, 1/28/13

Tim J. Ellis
Clerk of Court

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL J. HERNANDEZ, | ) | Case No. 11-21090 |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |
| CASSANDRA HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 12-2011 |
| | ) | |
| MICHAEL J. HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On January 10, 2013, this matter came before the court for a telephonic hearing on the Motion for Summary Judgment filed by Michael J. Hernandez ("Defendant") and the objection filed by Cassandra Hernandez ("Plaintiff").[1] At the conclusion of the hearing, the court took the matter under advisement. Upon a review of the record and pleadings the court is prepared to rule.

**Jurisdiction**

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1557 and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(b)(2)(I).

---

[1] In the State Court documents, Plaintiff is the Defendant and Defendant/Debtor is the Plaintiff. To eliminate confusion, this court is going to address each party as they are positioned in this Bankruptcy Court proceeding.

The motion is brought under Fed. R. Civ. P. 56, made applicable in adversary proceedings by Fed. R. Bankr. P. 7056.[2] The Plaintiff's complaint states a claim for relief under 11 U.S.C. § 523(a)(5) which excepts certain marital debts from discharge.

**Discussion**

A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file and any affidavits show that there is not a genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The Court should determine what facts are not genuinely at issue by examining the pleadings and evidence before it. The Court should issue an order specifying what facts, including items of damages or other relief, are not genuinely at issue.[3] Summary judgment is appropriate when there is no disputed issue of material fact, and the moving party is entitled to judgment as a matter of law.[4] Under Rule 56(c) summary judgment is proper only if the evidence, reviewed in the light most favorable to the party opposing the motion, demonstrates no genuine issue of any material fact.[5] A material fact is one that could affect the outcome of the suit, and a genuine issue is one

---

[2] Unless otherwise indicated all future statutory reference are to the United States Bankruptcy Code, 11 U.S.C. 101 *et seq.*

[3] Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056.

[4] *Hardy v. S. F. Phosphates Ltd. Co.*, 185 F.3d 1076, 1079 (10th Cir. 1999).

[5] *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 976 (10th Cir. 1995).

where the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[6] The court views the evidence in light most favorable to the nonmoving party, but that party cannot rest on the mere allegations in its pleadings and must come forward with evidence to raise a genuine issue.[7]

Plaintiff claims the marital debt owed to her by Defendant is not dischargeable under § 523 which excepts from discharge a debt to a former spouse for alimony, maintenance or support to the extent the debt actually functions as alimony, maintenance or support. The plaintiff has the burden to prove by a preponderance of the evidence that the debt should be excepted from discharge.[8]

The Tenth Circuit Court of Appeals set out the manner in which the bankruptcy court makes such a determination under § 535(a)(5) in *In re Sampson*.[9] Under *Sampson*, the court must look to the parties' shared intent, or the intent of the divorce court to determine the nature of an obligation. If the court finds that the debt was intended as support, the decision also requires an inquiry into the actual substance of the obligation.[10]

Intent: In this case, the parties entered into a Child Custody and Property Settlement Agreement ("Agreement"). The court reviewed the Decree of Divorce and

---

[6] *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1134 (10th Cir. 1994).

[7] *Id.*

[8] *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 661 (1991).

[9] *In re Sampson*, 997 F.2d 717 (10th Cir. 1993).

[10] *Id.* at 723.

Order Regarding Child Custody, Visitation and Support (Divorce Decree") entered in the District Court of Fremont County, Wyoming ("State Court") on February, 9, 2011 to find the intent of the court which ordered the obligation. This court may look beyond the language of the documents to discern that intent.

Plaintiff and Defendant were married for thirteen years. On February 5, 2011, the parties entered into Agreement. The State Court, upon a review of the Divorce Decree and Agreement, "ratified and the parties are specifically ordered to comply with all the terms and conditions herein, as well as the terms and conditions contained in their Child Custody and Property Settlement Agreement filed of record in this matter."

The findings in the Divorce Decree include, as relevant:

> "5. THAT based on the verified signatures provided in the parties' Child Custody and Property Settlement Agreement, the parties have equitably divided their real and personal property and debts, and that the division of said property and debts is equitable and complies with Wyoming Statute § 20-2-114.
>
> 11. THAT the parties have willingly and knowingly signed the child Custody and Property Settlement Agreement, having either sought the advice of counsel or having acknowledged and waived that right."

The Property Agreement provides, in part as relevant:

> "A. Plaintiff and Defendant have equitably divided all real and personal property, and all debts, which division is set forth on Exhibits "A" and "B", attached hereto and incorporated by this reference."
>
> "B. Plaintiff and Defendant agree that all debts have been equitably divided between them..."

Exhibit "A" lists Defendant's Assets and Debts, providing under: "Debts: 3. One half of the debt attached to the Real Property located at 5985 Sublette Drive, Riverton WY."

Exhibit "B" lists Plaintiff's Assets and Debts providing under "Assets: 1. Home and property located at 5985 Sublette Drive, Riverton, Wyoming." Under the heading of "Debts" is listed "1. One half of the mortgage attached to the real property."

Plaintiff responded to the motion for summary judgment, claiming issues of fact require litigation of the property settlement and divorce decree on the merits. Plaintiff asserts that due to the income disparities between the parties, Defendant assumed a new and separate liability to pay the amount of one-half of the mortgage debt to her, in addition to his liability on the underlying mortgage to the secured creditor.

After the divorce was granted and before the Defendant filed for bankruptcy protection on October 5, 2011, the parties quit making the mortgage payments on the house and the secured creditor foreclosed under state law. The foreclosure sale was held in June 2012.

**Conclusion**

The court's review of the evidence, in the light most favorable to the Plaintiff, finds that there is not any genuine issues of any material fact. The court's review of the Divorce Decree and Property Agreement does not substantiate Plaintiff assertion that the State Court intended that the Defendant had entered into a new agreement to pay Plaintiff

the amount of one-half of the mortgage, in addition to one half of the mortgage debt to the secured creditor. Based upon the plain language of the Divorce Decree and Agreement, Plaintiff received the ownership interest of the house, and each party was obligated to pay one-half of the mortgage on the house. When the note and mortgage were extinguished upon foreclosure of the house, Defendant's debt was also extinguished.

The court does not find that the Plaintiff came forward with any evidence that the State Court intended the Divorce Decree and Agreement creates a "new" liability on the Defendant for the amount that would equal one-half of that mortgage to the Plaintiff that would be characterized as support. Therefore, the court grants the motion for summary judgment as it relates to the Defendant's chapter 7 discharge and shall enter a judgment on the complaint in favor of Defendant.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 28 day of January, 2013.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Valerie Schoneberger
    Vance Countryman